UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FREDDIE RODRIGUEZ, TDCJ #01892352, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-0254 |
| | § | |
| OSIGWE BRIGHT, *et al*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Freddie Rodriguez, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed suit under 42 U.S.C. § 1983 claiming the right to be housed in a faith-based dormitory. He proceeds *pro se* and *in forma pauperis*. Defendants filed a motion for summary judgment (Dkt. 13), to which Plaintiff has filed "objections" (Dkt. 16). The motion is now ripe for decision. After reviewing the pleadings, the briefing, the applicable law, and all matters of record, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I.  **BACKGROUND**

At all times relevant to this suit, Rodriguez has been housed at TDCJ's Darrington Unit in Brazoria County. In his complaint, dated July 26, 2017, he brings suit against Osigwe Bright, a chaplain at the Darrington Unit, alleging that Bright denied him access to a faith-based program because Rodriguez is a "sex felon" (Dkt. 1, at 4).[1] Plaintiff

---

[1] On June 5, 2018, Rodriguez filed a separate civil rights complaint, initiating *Rodriguez v. Osigwe*, Civil Action No. 3:18-0171. Because the complaint in the second case made allegations

states that he spoke with Bright on February 10, 2017, and that "[Bright] told me according to rules and policy I am not allowed in the faith program or to live in 6 tank" (*id.*). Plaintiff also sues Bryan Collier, executive director of the Texas Department of Criminal Justice, and Lorie Davis, director of the Correctional Institutions Division, for the "rules" that allow officials to block access to rehabilitation and religious programs (*id*. at 3). He alleges that TDCJ is "allowing the hindrance of rehabilitation and salvation of lost souls" (*id*. at 4), and requests that the Court "change the rules and policy in the Darrington faith based program [to] stop discrimination and partiality and allow sex felons to practice [Christianity]" (*id*.).

Defendants' summary judgment motion represents to the Court that, as of May 22, 2018, Rodriguez is assigned to the faith-based housing program he had requested. Defendants attach an affidavit from Myra Montez, Chief of Unit Classification for the Darrington Unit, who states that she is "responsible for overseeing unit classifications . . . for the Darrington Unit" (Dkt. 13-1, at 2). Regarding Rodriguez, Montez states as follows:

> As of May 22, 2018 offender Freddie Rodri[g]uez # 1892352 is housed in a Faith Based Dorm on the Darrington Unit. This housing assignment is appropriate and authorized for his classification level. Offender Rodri[g]uez' underlying conviction for a sexual offense does not preclude him from being housed in a Faith Based Dorm under current TDCJ policies.

(*id*.). Based on this affidavit, Defendants represent that "[n]o TDCJ policy exists at this time which prohibits Plaintiff from residing in faith based housing" (Dkt. 13, at 2) and

---

nearly identical to those in the case at bar, the Court consolidated the cases (Dkt. 15) and administratively closed Civil Action No. 3:18-0171.

that "[t]here is no issue remaining to be resolved at trial" (*id*. at 3). Defendants seek dismissal of all claims with prejudice.

Plaintiff agrees with Defendants that his complaint in his pleadings has been remedied: "Plaintiff confirms that he has been placed in the faith based housing as a direct result of this Court's demand for the [D]efendant[s] to answer Plaintiff's allegations" (Dkt. 16, at 1). He further agrees "that there is no written policy which prevents the participation of sex offenders in the TDCJ programs" (*id*.). However, he argues that the controversy between the parties has not been resolved merely because the Defendants "finally respond[ed] under the pressure of this Court's order" (*id*.). He maintains that "there is a practice of barring sex offenders from programs, housing and job positions within TDCJ," and "seeks relief in the form of the Court's ordering [TDCJ] from the ongoing practice of discrimination against sex offenders" (*id*.). Rodriguez also urges the Court to "provide injunctive relief in the form of ordering TDCJ to develop and distribute to all personnel and inmates an administrative directive clarifying TDCJ policy regarding any and all limitations that may be placed on offenders with sex-related charges" (*id*. at 1-2).[2]

## II. STANDARDS OF REVIEW

### A. The PLRA and *Pro Se* Pleadings

Because Plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the claims and dismiss the

---

[2] Plaintiff also seeks leave to amend his complaint (Dkt. 14). His motion does not attach a proposed amendment and Plaintiff gives no information about the amendments he seeks to make or reasons that might support his request for leave to amend. *See* FED. R. CIV. P. 15(a)(2).

complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action brought with respect to prison conditions" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### B. Summary Judgment—Rule 56

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*.

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (internal citation, alteration and quotation marks omitted); see *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Likewise, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Evidence not referred to

in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

Although the plaintiff is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 & n.9 (5th Cir. 2016); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe pro se filings liberally, we still require *pro se* parties to fundamentally abide by the rules that govern the federal courts. *Pro se* litigants must properly . . . present summary judgment evidence") (internal citation and quotation marks omitted).

## III. DISCUSSION

Defendants have presented an affidavit stating that, as of May 22, 2018, Rodriguez has been assigned to faith-based housing and, furthermore, that TDCJ policy does not preclude such a housing assignment based on Rodriguez's underlying conviction (Dkt. 13-1, at 2). Plaintiff confirms that his complaint in this lawsuit has been remedied: "Plaintiff confirms that he has been placed in the faith based housing" (Dkt. 16, at 1).

Under Article III of the United States Constitution, federal courts have subject matter jurisdiction only over "actual 'cases' and 'controversies.'" *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citing U.S. Const., art. III, sect. 2; *Lewis*

*v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990)). Under the doctrine of mootness, "although a justiciable controversy may have existed at the time litigation was commenced, the action must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation." *Id*.

> As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot. . . . [A] case will become moot where there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation. As the Supreme Court has noted, it is not enough that a dispute was very much alive when the suit was filed; the parties must continue to have a personal stake in the outcome of the lawsuit.

*Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (internal citations, quotation marks, and alterations omitted). One way that a case may become moot is if "an intervening factual event . . . causes the plaintiff to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey*, 141 F.3d at 227. A federal court "is obligated to raise the issue, *sua sponte,* if the facts suggest mootness." *Id*.

Because Plaintiff agrees that he has been admitted to the faith-based program, the Court concludes that his claim regarding wrongful denial of access to the faith-based program is moot. His complaint is subject to dismissal on this basis. *See Dailey*, 141 F.3d at 227.

Plaintiff urges that a controversy between the parties remains because "there is a **practice** of barring sex offenders from programs, housing and job positions within TDCJ" (Dkt. 16, at 1) (emphasis added). However, his complaint (Dkt. 1) did not seek relief on

the basis of a TDCJ practice. Rather, Rodriguez sought relief for the denial of his February 10, 2017, application for faith-based housing, which he now agrees has been fully remedied (Dkt. 16, at 1). His complaint also sought relief from "rules and policy in the Darrington faith based program" that prevented "sex felons" from participating (Dkt. 1, at 4), and Plaintiff now agrees that no TDCJ policy prevents sex offenders from participating in faith based housing programs (Dkt. 16, at 1). In any event, Rodriguez identifies no continuing harm to him from TDCJ's alleged "practice" of barring sex offenders from participation. *See Dailey*, 141 F.3d at 227.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by Plaintiff Freddie Rodriguez is **DISMISSED** for lack of subject matter jurisdiction because the controversy between the parties is now moot.

2. All pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 16th day of July, 2018.

_____
George C. Hanks Jr.
United States District Judge